**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
PATRICK FRANCIS,                   :
                                   :   Civil Action No. 06-0487 (DRD)
        Petitioner,                :
                                   :
        v.                         :          **O P I N I O N**
                                   :
RONALD CATHEL,                     :
                                   :
        Respondent.                :
_____:


**APPEARANCES:**

    PATRICK FRANCIS, pro se
    #299321
    NJSP 2-FF
    P.O. Box 861
    Trenton, NJ 08625

**DICKINSON R. DEBEVOISE, District Judge**

Petitioner, Patrick Francis (hereinafter "Petitioner"), currently confined at the NJSP, Trenton, New Jersey, filed a petition seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "Petition") and submitted due filing fees.

It appears that Petitioner was convicted by the Superior Court of New Jersey, Passaic County, on February 28, 1998, for an aggravated manslaughter. See Pet. ¶¶ 2, 4. Petitioner appealed

his conviction and sentence to the Superior Court of New Jersey, Appellate Division, and the Appellate Division affirmed the decision of the trial court on October 11, 2000. See id. ¶ 9(c). Petitioner sought a certificate to appeal the decision of the Appellate Division to the Supreme Court of New Jersey. The Supreme Court denied him certification on April 2, 2001. See id. ¶ 9(e).

Thereafter, on the date unstated in Petition, Petitioner sought post-conviction relief from the Superior Court of New Jersey which was denied Petitioner's application on December 23, 2003. See id. ¶ 11(a). Petitioner appealed that denial to the Appellate Division which affirmed the trial court. Petitioner further appealed the decision of the Appellate Division to the Supreme Court of New Jersey which, in turn, affirmed the Appellate Division December 19, 2005. See State v. Francis, 185 N.J. 596 (2005). On February 1, 2006, Petitioner filed his current Petition seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

Prior to examining Petitioner's application on merits, this Court shall determine whether Petitioner's application to this Court for writ of habeas corpus is time-barred. See Long v. Wilson, 393 F.3d 390, 402-03 (3d Cir. 2004) (stating that a court may examine an application for a writ of habeas corpus sua sponte and citing Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); Herbst v. Cook, 260 F.3d 1039, 1042 & n.3 (9th Cir. 2001); Acosta

2

v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000); Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999)).

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  For the purposes of Petitioner's Application, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."  Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

The statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and, perhaps, equitable tolling.[1]  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2) (emphasis supplied).  Presuming that the AEDPA statute of limitations is also subject to equitable tolling, see Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998), "a litigant seeking equitable tolling [would] bear[] the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005).  The Third Circuit instructs that equitable tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005)

---

[1] Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814, n.8 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

(emphasis in original). Mere excusable neglect is not sufficient.[2] See id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Moreover, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Since Petition is silent as to: (1) the date when Petitioner filed his application for post-conviction relief from the Superior

---

[2] Claim of "ineffective assistance of counsel" does not provide basis for equitable tolling. See Pace, 125 S. Ct. at 1814, n.9 (dismissing the "ineffective assistance of counsel" excuse offered by the petitioner who asserted "that he received ineffective assistance of counsel at all levels of representation" ).

Court of New Jersey; and (2) any circumstances that might warrant equitable tolling in case Petitioner's limitation period, having statutory tolling factored in, ran out prior to February 1, 2006, this Court cannot establish whether Petitioner's Petition should be dismissed for failure to meet the statute of limitations requirements set forth in 28 U.S.C. § 2244(d)(1).

## CONCLUSION

For the above-stated reasons the Court directs the Respondent to provide this Court with a copy of Petitioner's application for post-conviction relief from the Superior Court of New Jersey . The Court also directs Petitioner to provide this Court with any information available to Petitioner that might enable the Court to reach a decision as to whether Petition should be dismissed for failure to meet the statute of limitations requirements set forth in 28 U.S.C. § 2244(d)(1). An appropriate Order accompanies this Opinion.

<u>/s/ Dickinson R. Debevoise</u>
**DICKINSON R. DEBEVOISE**
**United States District Judge**

Date:     February 27, 2006
          Newark, New Jersey

6